# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARTHUR CARRILLO,                          )      Case No. CV 13-8536-JEM
                                          )
                    Petitioner,           )
                                          )
       v.                                 )      MEMORANDUM OPINION AND ORDER
                                          )      GRANTING MOTION TO DISMISS AND
                                          )      DENYING CERTIFICATE OF
J. SOTO, Warden,                          )      APPEALABILITY
                                          )
                    Respondent.           )
_____ )

## **INTRODUCTION**

On October 27, 2013,[1] Arthur Carrillo ("Petitioner"), a California state prisoner, filed a

Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

---

[1] Under the prison "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citation omitted); accord Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the day the petition was signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), cert. denied, 132 S.Ct. 286 (2011) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Here, although the instant Petition was not filed within the limitations period, see Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a petitioner must deliver the petition to prison officials within the limitations period), the Court will, nonetheless, afford Petitioner the benefit of the mailbox rule.

("Petition").  On May 29, 2014, Respondent filed a Motion to Dismiss the Petition on the ground that the Petition is time-barred by the one-year statute of limitation set forth in 28 U.S.C. § 2244(d).  On October 1, 2014, Petitioner filed an Opposition.  Respondent did not file a Reply. The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Petition is dismissed with prejudice as untimely.

## STATE COURT PROCEEDINGS

In Los Angeles County Superior Court case number NA069946, Petitioner was convicted of second-degree robbery (Cal. Penal Code § 211), during which he personally used a handgun (Cal. Penal Code § 12022.53(b)) and inflicted great bodily injury (Cal. Penal Code § 12022.7(a)). (Respondent's Lodged Document ("LD") 1 at 114-15.) Petitioner also admitted he had prior convictions pursuant to Cal. Penal Code §§ 667(a)(1), 667(b)-(i), 1170.12(a)-(d), and 667.5(b). (LD 1 at 58-59.) Petitioner was sentenced to 24 years in state prison. (LD 1 at 135.)

On May 31, 2007, in case number B193979, the California Court of Appeal affirmed the judgment and conviction in an unpublished opinion. (LD 2.)

Petitioner filed a petition for review in California Supreme Court ("CSC") case number S153930. (LD 3.) The petition was denied on August 8, 2007. (LD 4.)

On March 20, 2008, Petitioner constructively filed a petition for writ of habeas corpus in Los Angeles County Superior Court case number NA069946. (LD 5.) The petition was denied on April 3, 2008. (LD 6.) On April 17, 2008, Petitioner constructively filed a petition for writ of habeas corpus in California Court of Appeal case number B207255. (LD 7.) The petition was denied on May 7, 2008, with citations In re Clark, 5 Cal.4th 750, 763-87 (1993), and In re Swain, 34 Cal.2d 300, 303-04 (1949). (LD 8.) On June 19, 2008, Petitioner constructively filed a petition for writ of habeas corpus in CSC case number S164542. (LD 9.) The petition was summarily denied on November 12, 2008. (LD 10.)

On October 6, 2008, while his CSC habeas petition was still pending, Petitioner constructively filed a federal petition for writ of habeas corpus in this Court. (LD 11.) On November 21, 2008, the Court dismissed the petition without prejudice. (LD 12.)

On December 8, 2008, Petitioner constructively filed another federal petition for writ of habeas corpus in this Court. (LD 13.) On February 5, 2010, the petition was dismissed without prejudice. (LD 14.)

On November 9, 2010, Petitioner filed a second petition for writ of habeas corpus in Los Angeles County Superior Court case number NA069946.[2] On May 5, 2011, the petition was denied. (LD 15.)

On July 29, 2011, another "petition for writ of habeas corpus" was received in Los Angeles County Superior Court case number NA069946.[3] (LD 16.) On October 3, 2011, Petitioner constructively filed a petition for writ of habeas corpus in California Court of Appeal case number B236453. (LD 17.) On October 18, 2011, the petition was denied as a "repetitious petition", with citations to In re Clark, 5 Cal.4th at 765-66, Hagan v. Superior Court, 57 Cal.2d 767, 769-71 (1962), and In re Waltreus, 62 Cal.2d 218, 225 (1965). (LD 18.) On November 13, 2011, Petitioner constructively filed a petition for writ of habeas corpus in CSC case number S198115. (LD 19.) On March 14, 2012, the petition was denied with citations to In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal. 4th at 767-69. (LD 20.)

On December 6, 2012, Petitioner constructively filed another petition for writ of habeas corpus in Los Angeles County Superior Court case number NA069946.[4] (LD 21.) On March 12, 2013, the petition was denied. (LD 22.) On May 12, 2013, Petitioner constructively filed a petition for writ of habeas corpus in California Court of Appeal case number B248888. (LD 23.) On June 5, 2013, the petition was denied with citations to inter alia In re Clark, 5 Cal.4th at 765-66, and Hagan, 57 Cal.2d at 769-71. (LD 24.). On July 30, 2013, Petitioner constructively filed

---

[2]   Respondent states that he was unable to obtain a copy of this petition from the Los Angeles County Superior Court.  (Motion to Dismiss at 3 n. 2.)

[3]   In this filing, Petitioner did not make any claims per se. He simply attached a copy of a letter that his attorney had sent the superior court asking that a minute order be corrected to reflect the correct amount of the restitution fine that was imposed by the trial court during sentencing. (LD 16.) Respondent states he has been unable to obtain a copy of any ruling on this petition. (Motion to Dismiss at 3 n. 3.)

[4]   This petition was not filed-stamped until February 5, 2013.

1  a petition for writ of habeas corpus in CSC case number S212595. (LD 25.) On October 16,

2  2013, the petition was denied with citations to In re Robbins, 18 Cal.4th at 780, and In re Clark,

3  5 Cal.4th at 767-69. (LD 26.)

4      This Petition was constructively filed on October 27, 2013.

5                                    **DISCUSSION**

6  **I.    The Applicable Statute of Limitations**.

7      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a

8  1-year period of limitation for a state prisoner to file a federal application for a writ of habeas

9  corpus." Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327, 329

10  (2007); 28 U.S.C. § 2244(d)(1).  After the one-year limitations period expires, the prisoner's

11  "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v.

12  Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

13      To determine whether the pending action is timely, it is necessary to determine when

14  AEDPA's limitations period began and ended.  Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D),

15  AEDPA's limitations period begins to run from the latest of:  (1) "the date on which the judgment

16  became final by the conclusion of direct review or the expiration of the time for seeking such

17  review;" (2) "the date on which the impediment to filing an application created by State action

18  in violation of the Constitution or laws of the United States is removed, if the applicant was

19  prevented from filing by such State action;" (3) "the date on which the constitutional right

20  asserted was initially recognized by the Supreme Court, if the right has been newly recognized

21  by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4)

22  "the date on which the factual predicate of the claim or claims presented could have been

23  discovered through the exercise of due diligence."

24      A habeas corpus claim can "be timely, even if filed after the one-year time period has

25  expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th

26  Cir. 2002).  However, "a court must first determine whether a [claim] was untimely under the

27  statute itself before it considers whether equitable [or statutory] tolling should be applied.  As

28  a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed

by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is timely due to statutory tolling under § 2244(d)(2)." Id. Following this framework, the court begins its analysis with the relevant timeliness inquiry.

## II.    The Petition Is Facially Untimely.

Under § 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review."[5]  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner filed a petition for review with the CSC (LD 3), which was denied on August 8, 2007.  (LD 4.)  Because direct review includes the 90 days during which Petitioner could have filed a petition for writ of certiorari from the United States Supreme Court, Petitioner's judgment became final on November 6, 2007.  See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003, as amended Nov. 3, 2003) ("The period of 'direct review' after which [a] state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition."); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("the process of direct review includes the right to petition [the United States Supreme] Court for a writ of certiorari[;]" therefore, AEDPA's statute of limitations begins to run after the 90-day period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court expires) (internal quotation marks, ellipses and citation omitted).  The statute of limitations began to run the next day, on November 7, 2007.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Thus, Petitioner had until **November 6, 2008**,

---

[5] Although § 2244(d)(1) sets forth three alternate possible starting dates other than § 2244(d)(1)(A) for the commencement of the running of the statute of limitations," Miranda v. Castro, 292 F.3d 1063, 1065 n. 1 (9th Cir.), cert. denied, 537 U.S. 1003 (2002), Petitioner's allegations and the record do not show that any of these apply in this case.

to file his federal habeas petition.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir. 2007).

The Petition was not filed until October 27, 2013, approximately five years after the statute of limitations had run; therefore, the Petition is facially untimely.

**III.    The Petition Is Untimely Despite Statutory Tolling.**

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled for the time during which a "properly filed" state post conviction application is "pending," which in California can include the intervals between the denial of relief in one court and the filing of a new petition in a higher court.  See Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, the statute of limitations is not tolled between the conviction's finality and the filing of Petitioner's first state habeas petition. See Porter, 620 F.3d at 958 (AEDPA statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (same).

Respondent appears to concede and, because doing so does not render the Petition timely, the Court assumes for purposes of this Order that Petitioner is entitled to tolling during the entire first round of collateral review, from the constructive filing of the Superior Court petition on March 20, 2008 (LD 5), until the denial of the CSC petition on November 12, 2008 (LD 10), which is **238 days**.  Thus, with an additional 238 days of tolling, Petitioner's federal habeas petition was due by **July 2, 2009**, at the latest.  Because all of Petitioner's remaining state habeas petitions were filed after the statute of limitations had expired (LD 15, 16, 17, 19, 21, 23, 25), they had not tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").  Moreover, although Petitioner filed petitions for writ of habeas corpus in the federal court on October 6 and December 8, 2008 (LD 11, 13), the federal petitions did not statutorily toll the

1   limitation period. <u>Duncan v. Walker</u>, 533 U.S. 167, 180-82 (2001) (pending federal habeas

2   petition does not statutorily toll limitation period).

3       As noted earlier, the Petition was not filed until October 27, 2013; therefore, the Petition

4   is untimely despite statutory tolling.

5   **IV.    <u>Petitioner Is Not Entitled To Equitable Tolling.</u>**

6       AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases."

7   <u>Holland v. Florida</u>, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to

8   equitable tolling only if he shows (1) that he has been pursuing his claims diligently, and (2) that

9   some extraordinary circumstance stood in his way and prevented timely filing."  <u>Id.</u> at 2562

10  (internal quotation marks and citation omitted); <u>see</u> <u>also</u> <u>Lawrence</u>, 549 U.S. at 336.  "The

11  petitioner must show that the extraordinary circumstances were the cause of his untimeliness,

12  and that the extraordinary circumstances made it impossible to file a petition on time."  <u>Porter</u>,

13  620 F.3d at 959 (internal quotation marks and citations omitted).

14      "To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's

15  rarity, and the requirement that extraordinary circumstances stood in [petitioner's] way suggests

16  that an external force must cause the untimeliness, rather than . . . merely oversight,

17  miscalculation or negligence on the petitioner's part, all of which would preclude the application

18  of equitable tolling."  <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.), <u>cert.</u>

19  <u>denied</u>, 558 U.S. 897 (2009) (internal quotation marks, brackets and citation omitted); <u>accord</u>

20  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most

21  cases").  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

22  the exceptions swallow the rule."  <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1068 (9th Cir. 2006)

23  (internal quotation marks and citation omitted); <u>accord</u> <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th

24  Cir. 2010).

25      First, Petitioner appears to argue that he is entitled to equitable tolling for the pendency

26  of his timely filed second federal petition because the District Court dismissed it as fully

27  unexhausted after the limitations period expired.  (<u>See</u> Opposition at 3-10.) "No circuit has

28  conclusively decided" whether a habeas petitioner is entitled to equitable tolling to account for

the period "when a timely filed but completely unexhausted federal habeas petition waits for a ruling from the district court." Fail v. Hubbard, 315 F.3d 1059, 1061 (9th Cir. 2001). In Fail, petitioner asked for equitable tolling for the period between the timely filing of a fully unexhausted petition and its dismissal by the district court after the statute had expired. Id. at 1060. The Ninth Circuit stated that a delay related to an earlier federal habeas petition that was ultimately dismissed for failure to exhaust could conceivably satisfy the "extraordinary circumstances" test. Id. at 1062. However, because the delay in Fail was not beyond petitioner's control, equitable tolling did not apply. In particular, "[b]y continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his second petition untimely." Id.

Here, Petitioner's second federal petition was fully unexhausted, and the statute of limitations expired while the unexhausted federal petition was pending. (See LD 13-14 (second federal petition pending from December 8, 2008 to February 5, 2010).) However, Petitioner was required to first present all of his claims to the CSC and await that court's decision before seeking federal habeas relief. Moreover, the Central District habeas form used by Petitioner specifically advised him that "prior to seeking relief from the federal court, you must present all your grounds to the California Supreme Court", (LD 13 at 8), and the Court's Order For Further Proceedings re Writ of Habeas Corpus listed lack of exhaustion as a possible ground for dismissal of the petition. (Order For Further Proceedings re Writ of Habeas Corpus, filed on February 2, 2009, Carrillo v. Gonzales, Warden, Case No. CV 09-0047-JSL (JWJ), at 2-3.) Petitioner's mistake in improperly filing and pursuing the second federal petition does not constitute an extraordinary circumstance beyond his control warranting equitable tolling. See, e.g., Ontiveros v. Martel, 2010 WL 2889742, at *4 (E.D. Cal. 2010); see also Parnell v. Evans, 2009 WL 688841, at *3 (N.D. Cal. 2009) ("Any claim of ignorance of the exhaustion requirement, statute of limitations, or statutory tolling rules does not constitute an extraordinary circumstance warranting equitable tolling."). Under Fail, Petitioner was the sole "cause of the delay" that rendered his federal habeas filing untimely. Fail, 315 F.3d at 1062; George v. Horel,

2011 WL 3359560, at *3 (C.D. Cal. 2011). Moreover, Tillema v. Long, 253 F.3d 494, 503-04 (9th Cir. 2001) (applying equitable tolling principles where a timely-filed mixed petition was dismissed without giving the petitioner an opportunity to amend to delete the unexhausted claims) does not apply because there were no exhausted claims with which to proceed.[6]

Nor is Petitioner entitled to equitable tolling based on his contention that his attorney was ineffective when he "fail[ed] to raise any grounds on . . . appeal." (Opposition at 10.) Abandonment by one's attorney might constitute extraordinary circumstances in certain situations. See Maples v. Thomas, --- U.S. ---, 132 S.Ct. 912, 922-23 & n. 7 (2012). However, equitable tolling is not available due to an attorney's ordinary negligence. Lawrence, 549 U.S. at 336. Rather, equitable tolling may be available only if counsel's "conduct was so deficient as to distinguish it from the merely negligent performance of counsel. . . ." Spitsyn, 345 F.3d at 801.

Petitioner's claim appears to be premised on the fact that, on direct appeal from Petitioner's conviction, appellate counsel filed a no-issues brief pursuant to People v. Wende, 25 Cal.3d 436 (1979) in the California Court of Appeal.[7] (See LD 2 at 8; see also LD 3.)

---

[6]   Even if the Court found that Petitioner was entitled to equitable tolling during the pendency of his second federal petition, Petitioner completely fails to address the delay in exhausting his claims following the District Court's dismissal of the second federal petition. See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that petitioner must demonstrate diligence in exhausting claims and stating that "the relevant measure of diligence is how quickly a petitioner sought to exhaust the claims dismissed as unexhausted, and how quickly he returned to federal court after doing so"). After the February 5, 2010, dismissal of the second federal petition, Petitioner waited approximately nine months before filing a habeas petition in the Los Angeles County Superior Court on November 9, 2010. (LD 14, 15.) He further delayed approximately five months after the superior court denied his petition on May 5, 2011, before proceeding to the California Court of Appeal on October 3, 2011. (LD 15, 17.) Moreover, rather than exhaust his claims in a single round of collateral review, Petitioner completed two rounds of state collateral proceedings and filed a second habeas petition in the CSC nearly three and a half years after dismissal of the second federal petition. (LD 19, 21, 23, 25.) Accordingly, the Petition still would be untimely. See Guillory, 329 F.3d at 1018 (petitioner not entitled to equitable tolling due to lack of diligence in exhausting his claims when he "allowed over eight months to pass before filing his first subsequent petition in state court" and petitioner "took twenty-seven months to present the relevant claims to the California Supreme Court").

[7]   Under California's Wende procedure:

counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the

9

Petitioner then proceeded pro se in filing a petition for review in the CSC. (LD 3.) Thus, unlike Spitsyn, where the retained attorney "completely failed to prepare and file a petition[,]" Spitsyn, 345 F.3d at 801, counsel represented Petitioner before the California Court of Appeal by filing a Wende brief on his behalf. (LD 2 at 8.) Moreover, Petitioner has not shown counsel in any manner misled him about the status of his case or whether counsel would file any further petitions on his behalf. The California Court of Appeal agreed with counsel's implicit representation that Petitioner's appeal was frivolous. (LD 2 at 11 ); see also Smith v. Robbins, 528 U.S. 259, 265-66 (2000). Thus, Petitioner has simply not shown counsel abandoned him or that counsel's conduct was deficient, let alone "so deficient as to distinguish it from the merely negligent performance of counsel. . . ." Spitsyn, 345 F.3d at 801.  Nor has Petitioner shown that appellate counsel's actions in filing a Wende brief well before Petitioner's conviction became final and, therefore, before the AEDPA statute of limitations had even started to run, caused Petitioner to file an untimely federal petition. See Porter, 620 F.3d at 959. Therefore, petitioner has not shown he is entitled to equitable tolling, and his pending Petition must be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district

---

case, with citations of the record. He also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief. He further requests that the court independently examine the record for arguable issues. [However,] counsel following Wende neither explicitly states that his review has led him to conclude that an appeal would be frivolous (although that is considered implicit), nor requests leave to withdraw. Instead, he is silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing.

Smith v. Robbins, 528 U.S. 259, 265-66 (2000) (internal citation omitted). Here, counsel set forth a statement of the case, a summary of facts, and a request that the California Court of Appeal undertake an independent review of the entire record under Wende. (See LD 3.) Petitioner was afforded an opportunity to file a pro se brief and did so. (LD 2 at 8.) The California Court of Appeal rejected Petitioner's claims and found no arguable issues based on an examination of the entire record. (LD 2 at 9-11 (concluding that Petitioner's counsel "complied fully with counsel's responsibilities").)

judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478.

The court has determined that the Petition should be dismissed with prejudice because it is time-barred under 28 U.S.C. § 2244(d).  Given the fact that the Petition is clearly untimely, and even considering Petitioner's allegations regarding equitable tolling, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 478.  Accordingly, the Court finds that a COA must be denied with respect to the instant Petition.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.    Respondent's Motion to Dismiss Petition **(Document No. 22)** is hereby **granted**.

2.    Judgment shall be entered dismissing the action with prejudice.

3.    A Certificate of Appealability is **denied**.

DATED: November 14, 2014                     */s/ John E. McDermott*
                                             JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE